[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11782
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2010
JOHN LEY
CLERK

D.C. Docket No.1:08-cr-20849-AJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASHOK NARAIN MAHIBUBANI-LADHARAM

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(December 15, 2010)

Before BLACK, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Ashok Narain Mahibubani-Ladharam ("Mahibubani"), his brother Sanjay,

and two others were charged with conspiring to commit money laundering,

twenty-two counts of money laundering, conspiring to import and importing cocaine. Mahibubani pleaded guilty to conspiring to launder money and to import cocaine, in violation of 18 U.S.C. § 1956(h) and 21 U.S.C. § 963, respectively. The conspiracy to import cocaine carried a statutory mandatory minimum sentence of 120 month's imprisonment. 21 U.S.C. § 963.

The plea agreement provided that the court would determine the sentence, that it could depart from the calculated advisory guideline range, and that Mahibubani could not withdraw his plea if he was displeased with the sentence imposed. The government agreed that it would recommend a reduction in sentence, including a reduction below the statutory mandatory minimum sentence as permitted under the safety-valve provision, U.S.S.G. § 5C1.2, if Mahibubani met the criteria, which included that he provide truthful information concerning the offenses.

During the plea colloquy, the court confirmed that Mahibubani was satisfied with counsel and that he understood he could not withdraw his plea if he was unhappy with the sentence imposed. The court specifically questioned Mahibubani about the terms of the agreement and Mahibubani indicated that he understood. When asked, Mahibubani confirmed that no one had made any other

promises to him or had pressured him into pleading guilty. Mahibubani then confirmed the government's factual proffer but disputed Sanjay's involvement.

After the probation officer prepared a presentence investigation report that excluded the safety-valve reduction, Mahibubani moved to withdraw his plea.

At sentencing, Mahibubani explained that he believed he would be granted the safety-valve reduction when he signed the plea agreement because he had been promised he would receive it. Mahibubani alleged that his counsel, Mr. Voluck, had promised he would get the reduction and had pressured him to enter the plea. The court offered to conduct an evidentiary hearing into these allegations but advised Mahibubani that to do so he would have to waive his attorney-client privilege. Voluck explained that he was unaware of Mahibubani's allegations that he had pressured him to sign the plea agreement. He then denied the allegations and stated that he found himself "in a conflict." The court offered to appoint new counsel to discuss whether Mahibubani should waive privilege. Mahibubani declined new counsel, spoke with Voluck, and withdrew his motion. The court reiterated that it could hold an evidentiary hearing, call Voluck as a witness, and appoint new counsel free of charge, but Mahibubani indicated that he would withdraw his motion. As Mahibubani explained, "I'm the only one, aside from Mr. Voluck, who was there, and I'm sure any – any hearing you hold will be

3

definitely wasted." Despite the court's assurance that it would not be a waste of time, Mahibubani repeatedly declined new counsel and a hearing.

The government then advised the court why Mahibubani was ineligible for the safety-valve reduction. The court repeatedly advised Mahibubani that it could conduct a hearing to determine whether the government or Voluck had made promises about the reduction. Each time, Mahibubani declined and asked the court to proceed with sentencing. Mahibubani also withdrew his claim that Voluck pressured him to enter his plea. Based on Mahibubani's decision to withdraw both his claim that Voluck pressured him and his motion to withdraw his plea, the court concluded there was no conflict of interest.

At two subsequent sentencing hearings, the court considered the safety-valve reduction and questioned Mahibubani about his understanding of the terms of his plea agreement. Mahibubani testified that there was no signed cooperation agreement; he had cooperated "in good faith." He alleged that Voluck was a witness to his cooperation and the promises the government made. The court found that, although Mahibubani may have believed the government promised to file for a reduction, the government had not made such a promise. The court noted Mahibubani's testimony at the change-of-plea hearing that no promises had been made and that no one had pressured him. Accordingly, the court denied

4

Mahibubani's motion to withdraw his plea. The court also stated that it need not resolve the safety-valve issue because even if Mahibubani qualified for the reduction the court would sentence him to the 120-month minimum statutory sentence.[1]

Mahibubani now appeals, arguing that his counsel's conflict of interest as a witness violated his Sixth Amendment right to counsel. Specifically, he argues that counsel was a fact witness concerning the promises made, counsel was a "de facto witness" based on counsel's failure to advocate for him, and counsel acted to preserve his own reputation.

The Sixth Amendment right to effective assistance of counsel includes the right to conflict-free counsel.[2] *United States v. Alvarez*, 580 F.2d 1251 (5th Cir. 1978). Claims involving a counsel's conflict of interest present mixed questions of law and fact, and are reviewed *de novo*. *United States v. Novaton*, 271 F.3d 968, 1010 n.10 (11th Cir. 2001). Where such claims were not raised in

---

[1] The advisory guideline range was 151 to 188 months' imprisonment. Had Mahibubani received the safety-valve reduction, the guideline range would have been 135 to 168 months' imprisonment. The court indicated that it would have applied a downward variance to sentence Mahibubani to 120 months' imprisonment under either guideline calculation.

[2] Normally, we do not consider claims of ineffective assistance of counsel on direct appeal unless the record is sufficiently developed, *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002), and we have declined to consider on direct appeal an ineffective-assistance claim that was based on a conflict-of-interest allegation where that allegation was not considered by the district court, *United States v. Rodriguez*, 982 F.2d 474, 476 n.3 (11th Cir. 1993). Here, however, the district court considered the allegations and sufficiently developed the record.

the district court, the defendant must demonstrate that "an actual conflict of interest adversely affected his lawyer's performance." *Id*. (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). To demonstrate an adverse effect, the defendant must show that: (1) defense counsel could have pursued a plausible alternative strategy; (2) the alternative strategy was reasonable; and (3) the alternative strategy was not followed because it conflicted with counsel's external loyalties. *Novaton*, 271 F.3d at 1011.

Mahibubani alleged that he was pressured into pleading guilty, that he had been promised a reduction in his sentence, and that counsel could corroborate his claims. The district court in this case did a thorough job of addressing Mahibubani's concerns. The court repeatedly offered to appoint new counsel and to inquire into the allegations but Mahibubani declined and asked the court to proceed with sentencing. The court nevertheless conducted three sentencing hearings, hearing testimony concerning the safety-valve reduction and Mahibubani's understanding of his plea agreement. Based on the evidence presented, the court found that no promises had been made. In the absence of any promises, counsel could not have acted as a witness, nor would counsel have any reason to limit advocacy on behalf of his client. Thus there is no evidence that counsel's alleged conflict had an adverse effect.

Mahibubani's claim is in essence an ineffective-assistance-of-counsel claim. *United States v. Rodriguez*, 982 F.2d 474, 477 (11th Cir. 1993). As such, Mahibubani must show that counsel's performance was constitutionally defective and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant cannot meet the prejudice prong, we need not consider whether counsel's performance was satisfactory. *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983).

Mahibubani cannot make a showing of prejudice. Mahibubani does not argue that he would not have pleaded guilty but for counsel's conduct. In fact, he offers no example of how he was prejudiced by counsel's conduct. In addition, Mahibubani's allegations concern his entitlement to a reduction in his sentence under the terms of his plea agreement. But the district court stated that even if Mahibubani had been eligible for the safety-valve reduction, the court would not sentence him below the statutory mandatory minimum sentence of 120 months' imprisonment. Because the court would have imposed the same sentence regardless of the guideline determinations, there is no prejudice. *United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009).

Mahibubani's convictions and sentence are

**AFFIRMED.**

7